**UNITED STATES of America and Lee Jeff, Jr., Revenue Agent, Internal Revenue Service, Plaintiffs,**

v.

**Rolland A. NEVE, trustee of the Rolland A. Neve Family Equity Trust, Defendant.**

Civ. A. No. 78–1842.

United States District Court, E. D. Louisiana.

Nov. 15, 1978.

**462**

Robert L. Boese, Jr., Asst. U. S. Atty., New Orleans, La., for plaintiffs.

Rolland A. Neve, in pro per.

CASSIBRY, District Judge:

On July 27, 1978 this court entered an order ordering the defendant Rolland A. Neve, Trustee of the Rolland A. Neve Family Equity Trust, to comply with an Internal Revenue Service Summons. The defendant appealed from this order in August but obtained no stay of execution of the order. The court heard on November 1, 1978 the Motion of the United States to Enforce the Judgment because of the lack of a stay order, and the Motion of the defendant to Stay Judgment.

The United States opposes the issuance of a stay order because the defendant has not made the necessary showing to fulfill the requirements announced in *Pitcher v. Laird,* 415 F.2d 743 (5th Cir. 1969); *Fortune v. Molpus,* 431 F.2d 799 (5th Cir. 1970), and *Bayless v. Martine,* 430 F.2d 873 (5th Cir. 1970), as follows:

(1) A likelihood that the petitioner will prevail on the merits of the appeal;

(2) Irreparable injury to the petitioner unless the stay is granted;

(3) No substantial harm to other interested persons; and

(4) No harm to the public interest.

A review of those cases and their precedents show that those rules were judicial pronouncements of conditions to be met before the issuance of a stay of an order of an administrative agency under 5 U.S.C. § 1009(d), (now 5 U.S.C. § 705). See *Virginia Petroleum Jobbers Association v. Federal Power Commission,* 104 U.S.App.D.C. 106, 259 F.2d 921 (1958); *Eastern Airlines, Inc. v. Civil Aeronautics Board,* 261 F.2d 830 (2d Cir. 1958); *Covington v. Schwartz,* 230 F.Supp. 249 (N.D.Cal.1964), aff'd 341 F.2d 537 (9th Cir. 1965).

None of the cases relied on by the United States involved the enforcement by a District Court of an Internal Revenue Service summons. There is authority in the Federal Rules of Civil Procedure and there are indications in the jurisprudence that the conditions required in the cases cited by the United States should not apply here, but rather that the issue before the court should be decided by the Federal Rules of Civil Procedure.

Rule 81(a)(3) provides:

" * * * These rules apply to proceedings to compel the giving of testimony or production of documents in accordance with a subpoena issued by an officer or agency of the United States under any statute of the United States except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings."

In a proceeding for judicial enforcement of an administrative summons of the Internal Revenue Service, the Supreme Court of the United States in *U. S. v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 said at p. 255, footnote 18 that the Federal Rules of Civil Procedure would apply:

"Because § 7604(a) [26 U.S.C. 7604(a)] contains no provision specifying the procedure to be followed in invoking the court's jurisdiction, the Federal Rules of Civil Procedure apply * * *"

In *Kennedy v. Rubin,* 254 F.Supp. 190 (N.D.Ill.1966) it was squarely held that the Federal Rules of Civil Procedure apply in enforcement procedures under Sections 7402(b) and 7604(a) of the Internal Revenue Code.

A ruling on the inappropriateness of injunction proceedings following enforcement of a summons was made by the Supreme Court in *Reisman v. Caplin,* 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964) wherein the

court resolved the conflict in the circuits regarding the finality of such enforcement orders and indicated that the witness would be fully protected by a stay order pending appeal.

"* * * Finally, we hold that such orders are appealable. * * * It follows that with a stay order a witness would suffer no injury while testing the summons." 84 S.Ct. at p. 514.

I conclude therefore that the granting of the stay in this case comes within Rule 62(d) of the Federal Rules of Civil Procedure and the rule announced in connection with stays of orders or administrative agencies pending judicial review does not apply. The Motion to Enforce Judgment is therefore denied and the Motion to Stay Execution of Judgment will be granted upon the filing of a supersedeas bond in the amount of $250.00.