UNITED STATES of America and Vivian E. Reedy, Revenue Agent, Internal Revenue Service, Petitioners,

v.

A. B. BLACKBURN, Jr., Respondent.

UNITED STATES of America and Vivian E. Reedy, Revenue Agent, Internal Revenue Service, Petitioners,

v.

David SKINNER, Respondent.

Nos. 82–205–Civ–J–B, 82–206–Civ–J–B.

United States District Court,
M. D. Florida,
Jacksonville Division.

May 14, 1982.

Randall M. Roden, Tax Div., Dept. of Justice, Washington, D. C., for petitioners.

John G. DeLancett, Orlando, Fla., for respondent.

## OPINION AND ORDER

SUSAN H. BLACK, District Judge.

This cause is before the Court on intervenor's Motion for Stay Pending Appeal, filed herein on May 10, 1982. Intervenor seeks a stay pending appeal of the Judgment entered herein on May 7, 1982, in which the Court ordered the enforcement, in part, of two civil Internal Revenue Service summonses.

### I. STANDARD TO BE APPLIED

■ In order to evaluate the propriety of a stay in the instant action, the Court must initially determine the standard to be used. Intervenor contends that the automatic stay provisions of F.R.Civ.P. 62(d) control, while the petitioners assert that the discretionary stay provisions of F.R.Civ.P. 62(c) must be applied.

Intervenor relies on *United States v. Neve*, 80 F.R.D. 461 (E.D.La.1978) in asserting that an automatic stay is mandated. In *Neve*, a civil Internal Revenue Service summons enforcement action similar to the case at bar, the court concluded that the Federal Rules of Civil Procedure apply to summons enforcement actions. The court also noted that enforcement orders are appealable. Thus, the court held that the enforcement order should be treated as any other appealable civil order. *Neve* further reasoned

that since the Rules provide no exceptions for enforcement actions the automatic stay provisions of Rule 62(d) should be applicable.

While the Court finds some merit to the *Neve* analysis, the Court must also consider other decisions such as *Becker v. United States,* 451 U.S. 1306, 101 S.Ct. 3161, 68 L.Ed.2d 828 (1981), where Justice Rehnquist, acting in his supervisory capacity for the Ninth Circuit, considered the issue of whether to stay an enforcement order pending appeal. While refraining from ruling on the precise question now before the Court, Justice Rehnquist noted one consideration militating in favor of applying a discretionary standard, stating:

> In *Donaldson v. United States,* 400 U.S. 517, 528–529 [91 S.Ct. 534, 541, 27 L.Ed.2d 580] (1971) . . . we ruled that Rule 81(a)(3) and prior language in *United States v. Powell,* 379 U.S. 48, 58 n.18 [85 S.Ct. 248, 255 n. 18, 13 L.Ed.2d 112] (1964) to the effect that the Rules apply in summons enforcement proceedings were "not intended to impair a summary enforcement proceeding so long as the rights of the party summoned are protected and an adversary hearing, if requested, is made available." When gathering testimony, the need for summary enforcement of IRS summonses is clear and justifies dispensing with federal rules which might interfere with that task.

*Id.,* 451 U.S. at 1308, 101 S.Ct. at 3162. Here, not only was intervenor afforded an adversary hearing, but the Court conducted an *in camera* inspection of the documents in question as well. Clearly, the rights of the party summoned were protected.

Additional support for the proposition that the discretionary terms of Rule 62(c) should apply in IRS enforcement cases may be gleaned from *United States v. Sweet,* 80–1 U.S.T.C. ¶ 9263 (5th Cir. 1980). In *Sweet,* a civil IRS summons enforcement case, the district court, after enforcing the summons, denied the application for stay pending appeal. The Fifth Circuit, in also denying the stay, discussed the question of irreparable harm likely to befall the tax-

payer should a stay be denied. In so doing, it appears that the court implicitly ruled that a stay is not forthcoming as a matter of right to unsuccessful taxpayers in enforcement actions. Had the court concluded that the stay should have issued as a matter of right, no such discussion would have been necessary. The Court is also aware that at least one other court within this district, when evaluating the question of whether a stay should issue in a civil IRS summons action, refused to grant a stay as a matter of right. *See United States v. Combank/Casselberry,* 79–1 U.S.T.C. ¶ 9200 (M.D.Fla.1979).

Finally, the Court notes that the standard to be applied in ruling on motions to stay in enforcement actions was mentioned in *Federal Trade Commission v. TRW, Inc.,* 628 F.2d 207, 210 n.3 (D.C.Cir.1980). There, the FTC petitioned the district court for an order enforcing a subpoena duces tecum issued to TRW. The district court subsequently enforced the subpoena, but stayed the action pending appeal pursuant to Rule 62(d). On appeal, the court stated "[w]e believe it is clear that stays of district court enforcement orders should be governed by the discretionary standards of Rule 62(c), and should not obtain as a matter of right pursuant to Rule 62(d)." Based upon the foregoing authorities, the Court holds that a taxpayer is not entitled as a matter of right to a stay pending appeal of an order enforcing a civil Internal Revenue Service summons. Rather, the Court must apply the discretionary terms of Rule 62(c).

## II. PROPRIETY OF STAY PENDING APPEAL

The parties agree that in the event a stay does not issue as a matter of right, the four-prong test of *Pitcher v. Laird,* 415 F.2d 743 (5th Cir. 1969), must be satisfied before the Court should issue the stay. The four prerequisites to obtaining a stay are: (1) a likelihood that the intervenor will prevail on the merits of the appeal; (2) irreparable injury to the intervenor unless the stay is granted; (3) no substantial harm to other interested persons; and (4) no harm to the

public interest. *Id.*, at 744–45. Given this test, the Court finds that a stay should not issue and will deny intervenor's motion.

 The Court cannot conclude that intervenor is likely to prevail on the merits of her appeal. Without presuming to preempt appellate review of the Court's decision to enforce portions of the summonses in question, the Court believes that it has followed the contours of the law established by the Supreme Court and the Fifth Circuit and has applied the facts of this case to those guidelines.[1] As the Court's factual findings in this respect must be evaluated by the "clearly erroneous" standard, the Court is not willing to concede that intervenor is likely to prevail on the merits of her appeal.

The Court is also precluded from finding that the intervenor will sustain irreparable injury in the event a stay is not granted. The Fifth Circuit, in *United States v. Sweet*, 80–1 U.S.T.C., at ¶ 9263, addressed the question of irreparable injury to the taxpayer in an enforcement action similar to the case at bar, stating:

> [T]he alleged injury is not irreparable for nothing contained herein, of course, constitutes a ruling concerning the admissibility or inadmissibility in evidence of any documents that may be produced pursuant to the summons or of any evidence that might be discovered as a result of their production.

Therefore, the Court concludes that intervenor, in the instant case, will not suffer irreparable injury by the denial of her motion for a stay.

Finally, with respect to the possibility of harm to other "interested parties" and to the public, the Court finds that the equities fall in favor of denying the stay. The vital public interest in tax collection would be seriously impeded by delaying the enforcement of the summonses in this action. As noted in *United States v. Sweet*, 80–1 U.S.T.C. ¶ 9262 (M.D.Fla.1980), "[a]s time passes, memories fade, witnesses become unavailable, evidence is lost, and statutes of limitations, civil as well as criminal, expire." Given the unlikelihood of intervenor's success on appeal and the absence of irreparable harm to befall her, these consequences of delay take on added significance. Thus, the Court concludes that intervenor's motion for stay pending appeal should be denied.

Accordingly, it is

ORDERED:

1. That the Motion for Stay Pending Appeal, filed herein on May 10, 1982, is denied.

2. That the May 12, 1982, Order Temporarily Staying Enforcement of Summonses until May 27, 1982, shall remain in effect in order to give intervenor an opportunity to make application for a stay to the Eleventh Circuit Court of Appeals.

---

1. The Eleventh Circuit, in the en banc decision of *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the decisions of the former Fifth Circuit, decided prior to October 1, 1981.