Raymond J. DONOVAN, Secretary of Labor, Petitioner-Appellee,

v.

FALL RIVER FOUNDRY CO., INC., Respondent-Appellant.

No. 82–2676.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 18, 1982.

Decided Dec. 27, 1982.

reach the other issues raised on appeal.

Michael Ash, Godfrey & Kahn, S.C., Milwaukee, Wis., for respondent-appellant.

Andrea C. Casson, U.S. Dept. of Labor, Washington, D.C., for petitioner-appellee.

Before WOOD, ESCHBACH and POSNER, Circuit Judges.

POSNER, Circuit Judge.

This motion for a stay pending appeal requires us to decide whether a party appealing from an order to submit to a government health inspection is entitled to a stay of the order, as a matter of right under Rule 62(d) of the Federal Rules of Civil Procedure, upon filing the supersedeas bond required by the rule.

In February 1980 the Occupational Safety and Health Administration received written complaints of unhealthful conditions from employees of the Fall River Foundry Company. Pursuant to section 8(f)(1) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 657(f)(1), OSHA obtained a warrant from a federal magistrate to conduct an inspection of the company's plant. The warrant was served on the company on April 1, 1980, but the company refused to permit the inspection and the warrant was returned unexecuted. OSHA moved in federal district court for an order to show cause why Fall River should not be found in contempt and the company responded by challenging the validity and scope of the warrant. On September 14, 1982, the district court held that the warrant was valid and reasonable in scope, found Fall River in civil contempt for failure to obey it, and ordered it to permit the inspection. The company moved for a stay pending its appeal to this court, and when the district court denied the motion it asked us for a stay.

Rule 62(d) provides: "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule." Rule 62(a) provides that, "Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent," shall not be stayed pending appeal. Fall River points out that the contempt proceeding was not a suit for an injunction and argues that therefore it is entitled to a stay. The government argues that the term "injunction" in Rule 62(a) should be interpreted liberally to include an order directing an inspection of premises.

There is little authority on the question. Fall River relies primarily on a dictum in an opinion by Justice Rehnquist in chambers. He said a taxpayer appealing an order to turn over videotapes in response to an Internal Revenue Service summons is entitled to an automatic stay (upon filing of a supersedeas bond) under Rule 62(d), because "The language of Rule 62(d) seems clear, and the enumerated exceptions do not include tax summons enforcement proceedings. Expressio unius est exclusio alterius." *Becker v. United States,* 451 U.S. 1306, 1309, 101 S.Ct. 3161, 68 L.Ed.2d 828 (1981) (Rehnquist, J., in chambers), citing *United States v. Neve,* 80 F.R.D. 461, 463

(E.D.La.1978). The government relies on a contrary dictum in *FTC v. TRW, Inc.,* 628 F.2d 207, 210 n. 3 (D.C.Cir.1980), and on *Marshall v. Berwick Forge & Fabricating Co.,* 474 F.Supp. 104, 108 (M.D.Pa.1979)—to which it might have added *United States v. Blackburn,* 538 F.Supp. 1385, 1386 (M.D.Fla. 1982). The standard treatises do not discuss the issue, and are divided on the related question whether a judgment of civil contempt (irrespective of the relief ordered in the contempt proceeding) is within Rule 62(a). Compare 7 Moore's Federal Practice § 62.03 at p. 62–14 (2d ed. 1982), with 11 Wright & Miller, Federal Practice and Procedure § 2902 at p. 312 (1973). One case holds that "injunctive type remedies," such as reinstatement under Title VII of the Civil Rights Act of 1964, are within Rule 62(a). *Dewey v. Reynolds Metals Co.,* 304 F.Supp. 1116, 1118 (W.D.Mich.1969). That describes our case pretty well: the order to inspect is like an injunction against interfering with the inspection. We shall come back to this point.

But none of the authorities discusses the issue except in passing, and we are unwilling to decide it simply by reference to a maxim of statutory construction—noting in this connection Justice Rehnquist's recent statement for a unanimous Supreme Court that "'generalities about statutory construction help us little,'" *Weinberger v. Rossi,* 456 U.S. 25, 28, 102 S.Ct. 1510, 1514, 71 L.Ed.2d 715 (1982), quoting *United States v. Universal Corp.,* 344 U.S. 218, 221, 73 S.Ct. 227, 229, 97 L.Ed. 260 (1952). Of course if the framers of Rule 62(a) meant in using the word "injunction" to exclude orders to permit inspection, we would be bound by their determination even if it was not expressed clearly. We would equally be bound if the framers had meant by the word any order to do as distinct from an order to pay, as the Supreme Court has held that the framers of Rule 65(d) (relating to the requirements of an order granting an injunction) did. See *International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n,* 389 U.S. 64, 75, 88 S.Ct. 201, 207, 19 L.Ed.2d 236 (1967). And it is too late in the day to argue that an injunction must be negative. See, e.g., *Sinclair Ref. Co. v. Atkinson,* 370 U.S. 195, 212, 82 S.Ct. 1328, 1337, 8 L.Ed.2d 440 (1962). But there is no indication either how broadly the framers of Rule 62 wanted the word construed or that they gave any thought to the question raised by this case. We must give the word the meaning that will best carry out the purpose of Rule 62, so far as that purpose can be inferred from the rule's language and structure.

The reference in Rule 62(d) to supersedeas bond suggests that had the framers thought about the point they would have limited the right to an automatic stay to cases where the judgment being appealed from was a "money judgment." Cf. *Dewey v. Reynolds Metals Co., supra,* 304 F.Supp. at 1118; 7 Moore's Federal Practice, *supra,* § 62.06 at p. 62–68. The posting of a bond in the amount of the judgment, coupled with the fact that money judgments earn interest from the date they are entered in the district court, 28 U.S.C. § 1961, assures a prevailing plaintiff that sheer passage of time will not render the judgment uncollectible and that he will be compensated (maybe not completely) for the delay in receiving his money. Thus the grant of the stay does little or no harm to the plaintiff, but of course denial would hurt the defendant by making him pay the judgment before its validity has been finally determined; and unless the plaintiff were required to give a bond, the defendant might find it difficult or impossible to get his money back if the judgment was overturned on appeal. Rule 62(d) strikes an appropriate balance by entitling the appellant to a stay but conditioning that right on the posting of a bond.

But this solution makes little sense as applied to an order to do, rather than an order to pay, whether or not the order to do is a conventional injunction. The plaintiff in this case, OSHA, was not awarded a money judgment; it was awarded an order directing the company to allow an inspection of the plant for OSHA violations. It is difficult to imagine how one would go about calculating the size of bond necessary

to compensate OSHA and the workers on whose behalf it is acting for delay in getting into the plant to inspect. The requirement of a bond in Rule 62(d) does not fit a case like this. Since the requirement is meaningless here, to classify this case under Rule 62(d) would offend the spirit of the rule by giving an appellant an automatic stay without requiring him to compensate the appellee for delay in the entry of the final judgment. We need not decide whether a judgment of civil contempt, if not enforced by an injunctive-type remedy, would still be within Rule 62(a).

Our conclusion is reinforced by the fact that, at least in this circuit, the Secretary could have sought, and presumably would have been granted, an injunction against Fall River's resisting the inspection. *Matter of Establishment Inspection of Gilbert & Bennett Mfg. Co.*, 589 F.2d 1335, 1344 (7th Cir.1979); contra, *Marshall v. Shellcast Corp.*, 592 F.2d 1369, 1370 and n. 2 (5th Cir.1979). If the Secretary had taken that route, it would be clear that Fall River was not entitled to an automatic stay. The route he did follow was identical as a practical matter.

We conclude that Fall River was not entitled to an automatic stay; and while we have the power to grant a stay upon the usual balancing of hardships between the parties, see Rule 62(g), we agree with the district court that Fall River has not made out a good case for such a stay. Fall River emphasizes that it has been two and a half years since the warrant was issued and argues that if OSHA really wanted to inspect the plant it would long ago have narrowed the warrant. But a company should not be rewarded for resisting enforcement of what the district court has determined to be a valid warrant, reasonable in scope, by being allowed to argue for a stay on the basis of its having strung out the proceedings as long as it could. The fault for the delay is the company's; the grant of a stay would reward and compound that fault.

The motion for a stay pending appeal is DENIED.

HARLINGTON WOOD, Jr., Circuit Judge, concurring.

Fall River defied the magistrate's inspection warrant, and after a show cause order was adjudged in civil contempt by Judge Crabb. That order permitted Fall River to purge itself of contempt, if it chose, by permitting a compliance officer of the Occupational Safety and Health Administration to enter its premises to determine whether the employees "are free from recognized hazards that are causing or likely to cause death or serious physical injuries." It is now approaching two years since the unsatisfied warrant was issued.

There is no authority or persuasive argument that Fall River is entitled as a matter of right to a stay in this type of contempt proceeding. A stay has routinely been considered to be a matter of discretion of the district court or of this court. *Federal Casting Division, Chromalloy American Corp. v. Donovan*, 684 F.2d 504, 506 (7th Cir.1982); *Marshall v. Milwaukee Boiler Mfg. Co.*, 626 F.2d 1339, 1341 (7th Cir.1980). In *Donovan v. Wollaston Alloys, Inc.*, No. 82–1219 (1st Cir., docketed March 1, 1982), a panel considered an application for a stay pending appeal in a similar case and denied it commenting that "we are not convinced that the likelihood of success on these points is great enough for issuance of a stay especially when viewed in light of the potentially adverse impact on worker safety should the stay be granted." The Second Circuit likewise views it implicitly as a matter of discretion. *Marshall v. Wisteria Plaza, Ltd.*, No. 80–6223 (2d Cir. Dec. 3, 1980). Nor has it been shown to be otherwise in any other circuit.

I, therefore, fully concur that Fall River is neither entitled to a stay as a matter of right or in the exercise of our discretion.