EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Applicant,

v.

QUAD/GRAPHICS, INC., Respondent.

No. 94 Misc. 42.

United States District Court, E.D. Wisconsin.

Jan. 3, 1995.

E.E.O.C. by Jeanette Goss, Sr. Trial Atty., Milwaukee, WI, for applicant.

Michael, Best & Friedrich by Thomas W. Scrivner and Eric H. Rumbaugh, Santelle, Asst. U.S. Atty., Milwaukee, WI, for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In a November 1, 1994, decision and order, I ordered the respondent, Quad/Graphics, Inc. ["Quad/Graphics"], to comply with the Equal Employment Opportunity Commission's ["EEOC's"], December 28, 1993, subpoena requesting various employment records from the respondent 868 F.Supp. 1078. Quad/Graphics was ordered to comply with the subpoena within eight weeks of the date of the decision and order.

Presently before the court is the respondent's motion for a stay of the court's November 1, 1994, decision and order, pending appeal. The motion is properly addressed to this court, pursuant to Rule 8(a), Federal Rules of Appellate Procedure. (application for stay of a district court order pending appeal must ordinarily be brought in the district court in the first instance.)

In its memorandum in support of its motion, the respondent argues that it is entitled to a stay of the court's order under Rule 62(d), Federal Rules of Civil Procedure. Under Rule 62(d), an appellant may obtain a stay, subject to exceptions in part (a) of that rule, which are not applicable in this case, by giving a supersedeas bond. However, courts have declined to grant stays in subpoena enforcement proceedings under Rule 62(d). See *NLRB v. Westphal,* 859 F.2d 818, 819

(9th Cir.1988); *Donovan v. Fall River Foundry Co., Inc.,* 696 F.2d 524, 526–527 (7th Cir.1982) (application for stay of a district court order requiring the applicant to do something does not fall under Rule 62(d)).

■ In the alternative, the respondent seeks a stay pursuant to the provisions of Rule 62(c), Federal Rules of Civil Procedure, which governs stays of orders granting injunctive relief. I believe that Quad/Graphic's request for a stay is more appropriately analyzed under Rule 62(c). In deciding whether to grant the stay, the court must consider: (1) the applicant's likelihood of succeeding on appeal, (2) whether the applicant will be irreparably harmed if a stay is not granted, (3) whether the issuance of a stay would cause substantial injury to other parties interested in the lawsuit, and (4) where the public interest lies. *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987).

■ I do not believe that Quad/Graphics has shown a likelihood that it will succeed on appeal. The respondent calls the court's attention to the decision of the court of appeals in *EEOC v. Ford Motor Credit Co.,* 26 F.3d 44 (6th Cir.1994) as support for its assertion that it has a likelihood of succeeding on appeal. Quad/Graphics claims that the court of appeal's decision in *Ford Motor Credit* is a "watershed" in the area of subpoena enforcement proceedings, because "a court *did* finally draw a line on EEOC subpoenas." (Emphasis in original).

I find the respondent's argument based upon the court's decision in *Ford Motor Credit* wholly unavailing. The EEOC in *Ford Motor Credit* requested employment information dating back twelve years based on a charge filed by one individual claiming that she was denied promotions within the company because of her sex. 26 F.3d at 45. The primary reason for the restriction on the EEOC's subpoena in *Ford Motor Credit* was the irrelevance of a portion of the material requested by the EEOC. 26 F.3d at 46–47. The subpoena was not restricted because the data request was unduly burdensome, as the respondent claims in the instant case. I do not believe that *Ford Motor Credit* was a

"watershed" subpoena enforcement case, and I doubt that it increases Quad/Graphic's prospects of succeeding on appeal.

Alternatively, the respondent argues that it should not be required to show a likelihood of succeeding on appeal due to the irreparable harm that it would sustain in the absence of a stay. Failure to meet the likelihood of success factor may be excused where the applicant has made a particularly strong showing on the other three factors. *Thomas v. City of Evanston*, 636 F.Supp. 587, 591 (N.D.Ill.1986). In my opinion, Quad/Graphics does not have a likelihood of succeeding on appeal.

The second inquiry is whether the respondent will be irreparably harmed if the court does not grant its request for a stay pending appeal. I believe that Quad/Graphics would be irreparably harmed if the court's order is not stayed, as its appeal would effectively be rendered moot in the absence of a stay. *See EEOC v. St. Regis Paper Co.–Kraft Div.*, 717 F.2d 1302, 1303 (9th Cir.1983). Requiring the respondent to turn over the requested information, where its appeal is seeking to avoid such requirement, would make the appeal academic.

I do not believe that granting the stay will harm other parties interested in this litigation. If the respondent does not succeed on appeal, the only harm incurred will be a delay in the EEOC's receipt of the information that it has requested. A delay will not result in substantial harm to other parties interested in this litigation.

Finally, I do not believe that the grant of a stay would be contrary to the public interest. The elimination of discrimination in the public workplace is an important government interest. *See University of Pennsylvania v. EEOC*, 493 U.S. 182, 193, 110 S.Ct. 577, 584, 107 L.Ed.2d 571 (1990). However, a stay would not thwart the government's interest in the elimination of discrimination; rather, it would merely delay the government's investigation into suspected discrimination in this case. Thus, I do not believe that the grant of a stay in this case would have an adverse impact on the public interest.

Despite my belief that the respondent is not likely to succeed on its appeal, I believe that the other four factors, primarily the irreparable harm that the respondent will suffer if a stay is not granted, weigh heavily in favor of granting the stay. Failure to grant the respondent a stay in this case would make its right to appeal of little value. The irreparable harm that the Quad/Graphics would suffer in the absence of a stay warrants the grant of a stay, pending appeal, of the court's enforcement order.

## ORDER

Therefore, IT IS ORDERED that Quad/Graphics motion for a stay of the court's November 1, 1994, decision and order, pending appeal, be and hereby is granted.