Filed 6/14/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RON KENNEDY, M.D., | A157089 |
|     Petitioner, | |
| | City & County of San Francisco |
| v. | Super. Ct. No. CPF19516531 |
| SUPERIOR COURT FOR THE CITY AND COUNTY OF SAN FRANCISCO, | |
|     Respondent; | **ORDER DENYING PETITION FOR WRIT OF SUPERSEDEAS** |
| DEAN GRAFILO, et al., | |
|     Real Parties in Interest. | |

THE COURT[*]:

    Ron Kennedy, M.D., petitions for a writ of supersedeas to stay the superior court's order compelling him to produce patient records to the Medical Board of California (the Board), pending his appeal of the same order. We will deny his petition.

    This matter stems from a series of investigative subpoenas served by the Board on Dr. Kennedy pursuant to Government Code section 11181. The Board sought the medical records of three minors for whom Dr. Kennedy provided vaccination exemptions. After Dr. Kennedy refused to produce the records, the Director of the Department of Consumer Affairs filed a petition in the superior court pursuant to Government Code section 11187 to compel Dr. Kennedy to comply with the subpoenas. The superior court granted the petition and ordered Dr. Kennedy to produce records shortly thereafter.

---

[*] Tucher, Acting P.J., Streeter, J., and Brown, J.

1

The superior court denied Dr. Kennedy's request to stay the order while he pursued appellate review. Dr. Kennedy then filed the instant petition for a writ of supersedeas to stay the order pending appeal. We granted a temporary stay and requested further briefing from the parties.

Our Supreme Court has held that an order compelling production of records in response to a subpoena is appealable as a final judgment, but the Supreme Court left undecided "whether an appealing party is entitled to a stay of enforcement of the subpoena pending appeal." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 11, 13, fn. 9 (*Dana Point*).) As we explain, we conclude Dr. Kennedy is not entitled to an automatic stay of the superior court's order. We will also decline to grant a discretionary stay of the order.

Dr. Kennedy argues the superior court's order is stayed under Code of Civil Procedure section 917.2, which operates automatically to stay an order directing "the assignment or delivery of personal property, including documents," if the appellant posts an undertaking "in a sum and upon conditions fixed by the trial court." (Code Civ. Proc., § 917.2.) Neither section 917.2, nor any of the other automatic stay provisions contained in the same chapter of the Code of Civil Procedure (see Code Civ. Proc., §§ 916–917.9), is applicable in this matter. The automatic stay provisions of sections 916 et seq. apply to "civil 'actions,'" but do not apply to a "'special proceeding'" unless "'the statutes establishing a 'special proceeding' expressly incorporate the appellate-stay provisions.'" (*Veyna v. Orange County Nursery, Inc.* (2009) 170 Cal.App.4th 146, 154–155.) The underlying superior court action in this matter—a petition under Government Code section 11187 to enforce an administrative subpoena—is a special proceeding because it is "established by statute" and "'commenced independently of a pending action by petition.'" (*People v. Superior Court (Laff)* (2001) 25 Cal.4th 703, 725; see also *Millan v. Restaurant Enterprises Group, Inc.* (1993) 14 Cal.App.4th 477, 485 [order requiring compliance with investigative subpoena is a final judgment in special proceeding]; *City of Los Angeles v. Superior Court* (2017) 9 Cal.App.5th 272, 285 [statutory action to compel production of records in response to public records act request is a special

2

proceeding].)  The automatic stay provisions of Code of Civil Procedure section 916 et seq. are not incorporated in the Government Code statutes that created the special proceeding used in this case.  (See Gov. Code, § 11187–11188.)  Accordingly, the automatic stay provisions do not apply.

Our conclusion is consistent with the practice of federal courts, where appellants are not entitled to an automatic stay pending appeal of a subpoena compliance order.  (See *NLRB v. Westphal* (9th Cir. 1988) 859 F.2d 818, 819 [rejecting argument that federal rules of civil procedure permit a stay of subpoena compliance orders "as a matter of right" by posting a bond].)  Instead, federal litigants must seek a discretionary stay of the order.  (E.g. *EEOC v. Quad/Graphics, Inc.* (E.D. Wisc. 1995) 875 F.Supp.558, 559–560 [declining automatic stay of subpoena compliance order based on *Westphal*, but granting discretionary stay upon appellant's showing of irreparable harm]; accord 11 Wright et al., Federal Practice and Procedure (2019 supp.) § 2905, pp. 72–74, fns. 5–6 [appellants in injunction cases, including cases ordering compliance with a subpoena, must seek discretionary stay pending appeal].)[1]  We find the federal court rules in this area instructive, as our Supreme Court in *Dana Point* cited with approval to the federal court rule that subpoena compliance orders are appealable.  (*Dana Point, supra*, 51 Cal.4th at pp. 11–12 [noting "the rule we adopt here is the same rule that applies in federal court"].)

Furthermore, an automatic stay would impede the Board's discharge of its duty to "protect the public against incompetent, impaired, or negligent physicians."  (*Arnett v. Dal Cielo* (1996) 14 Cal.4th 4, 7.)  The Legislature has "broadly" vested the Board with authority to investigate complaints against physicians.  (*Id.* at pp. 7–8.)  The power to investigate would be hamstrung if a physician could force the Board to bring a court

---

[1] Although the federal rules of civil procedure have been amended as recently as 2018, the amendments have not changed the substance of the provisions applied by federal courts that have denied an automatic stay.  (See Fed. Rules Civ. Proc., rule 62, Advisory Com. Notes, 2007 and 2018 amendments.)

action to enforce a subpoena, then obtain an automatic stay of an adverse order pending a subsequent appeal.

The absence of an automatic stay does not impose the same degree of harm on Dr. Kennedy since he, like a federal court appellant, may seek a discretionary stay pending appeal by showing that his appeal raises substantial questions, and that disclosure of the records will cause irreparable harm. (Code Civ. Proc., § 923; *Smith v. Selma Community Hospital* (2010) 188 Cal.App.4th 1, 18.) Dr. Kennedy has not shown a discretionary stay is warranted here. We would likely conclude that the superior court acted within its discretion in finding the Board's interest in obtaining records of vaccination exemptions outweighed the patients' privacy rights, given that the Board must keep the records confidential during its investigation. (See Gov. Code, § 11183; Bus. & Prof. Code, § 2225, subd. (a).)

The petition for writ of supersedeas is denied. The temporary stay issued by this court on May 3, 2019, will expire at 5:00 p.m. on June 21, 2019.


Date: _____          _____Acting P.J.


*Kennedy v. Superior Court of California, City and County of San Francisco* (A157089)

4

| | |
|---|---|
| Trial Court: | City and County of San Francisco Superior Court |
| Trial Judge: | Hon. Ethan P. Schulman |
| Counsel for Petitioner: | Machat & Associates, Michael Machat; and Jacques G. Simon |
| Counsel for Real Parties in Interest: | Xavier Becerra, Attorney General, Jane Zack Simon and Lawrence Mercer, Deputy Attorneys General |