## RUCKELSHAUS, ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY *v.* MONSANTO CO.

No. A–1066.  Decided July 27, 1983

JUSTICE BLACKMUN, Circuit Justice.

The Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U. S. C. § 136 *et seq.* (1982 ed.), as amended in 1978, 92 Stat. 819, requires pesticide manufacturers to register their products with the Environmental Protection Agency (EPA) prior to marketing them in the United States. The EPA decides whether to register a pesticide; it bases its decision on an evaluation of test data concerning the product's effectiveness and potential dangers.  These data typically are submitted by the pesticide's manufacturer.  Section 3(c)(1)(D) of FIFRA, 7 U. S. C. § 136a(c)(1)(D) (1982 ed.), provides, however, that test data submitted in connection with a particular pesticide may be used by manufacturers seeking registration of similar pesticides.  In effect, a subsequent applicant for registration may "piggyback" its registra-

tion on the efforts of the initial applicant. The subsequent applicant must offer to compensate the initial applicant, and compensation is to be determined by binding arbitration if the parties cannot agree on a sum. § 3(c)(1)(D), 7 U. S. C. § 136a(c)(1)(D) (1982 ed.). In addition, health and safety data submitted by the initial applicant may be disclosed to the public pursuant to § 10(d), 7 U. S. C. § 136h(d) (1982 ed.).

Respondent Monsanto Company manufactures several registered pesticides. To obtain registration, Monsanto submitted test data developed at a cost claimed to be in excess of $23 million. These test data are trade secrets under the law of Missouri, and Monsanto consequently has the right to prevent their use and disclosure. Monsanto brought suit in the United States District Court for the Eastern District of Missouri, contending that the use or disclosure of its test data pursuant to the FIFRA provisions described above would constitute an unconstitutional taking of its property. The District Court agreed, and enjoined enforcement of these and related provisions of FIFRA. The District Court declined to stay its injunction pending direct appeal to this Court, and the Administrator of the EPA has applied to me for a stay. Having reviewed the application, the response, and the other memoranda and supporting documents filed by the parties and several *amici,* I deny the application.

A Justice of this Court will grant a stay pending appeal only under extraordinary circumstances, *Graves* v. *Barnes,* 405 U. S. 1201, 1203 (1972) (POWELL, J., in chambers), and a district court's conclusion that a stay is unwarranted is entitled to considerable deference. *Id.,* at 1203–1204; *Bateman* v. *Arizona,* 429 U. S. 1302, 1304 (1976) (REHNQUIST, J., in chambers). An applicant for a stay "must meet a heavy burden of showing not only that the judgment of the lower court was erroneous on the merits, but also that the applicant will suffer irreparable injury if the judgment is not stayed pending his appeal." *Whalen* v. *Roe,* 423 U. S. 1313, 1316 (1975) (MARSHALL, J., in chambers); see *Graves* v. *Barnes,* 405

U. S., at 1203.  An applicant's likelihood of success on the merits need not be considered, however, if the applicant fails to show irreparable injury from the denial of the stay.  *Whalen* v. *Roe*, 423 U. S., at 1317–1318.

In this case, the Administrator has not convinced me that irreparable harm will result if the District Court's injunction remains in effect pending appeal.  During this interim period, the injunction prevents the EPA from registering new pesticides through use of previously submitted test data, and members of the public will be unable to obtain test data relating to health and safety.  The EPA will remain able, however, to register new pesticides; applicants for registration may submit their own test data to support their applications, and may rely on previously submitted data if the submitters have given permission.  The EPA has adopted interim procedures to permit registration in this manner.  See 48 Fed. Reg. 32012–32013 (1983).  If an applicant for registration chooses to rely on previously submitted data without the submitter's permission, the EPA may process the application although it may not actually register the product pending appeal.  While registrations and disclosures will be delayed somewhat, "delay alone is not, on these facts, irreparable injury."  *Whalen* v. *Roe*, 423 U. S., at 1317.

Two other considerations enter into my decision to deny this application.  First, the granting of a stay might well cause irreparable harm to Monsanto.  If the District Court's injunction were lifted, the EPA would be free to use Monsanto's trade secrets for the benefit of its competitors and could disclose them to members of the public.  Monsanto's trade secrets would become public knowledge, and could not be made secret again if the judgment below ultimately is affirmed.  In addition, the Administrator has not been particularly expeditious in seeking a stay or in pressing his appeal.  This application was filed more than seven weeks after the District Court issued its amended judgment.  The Administrator has requested and received a 30-day extension of time

in which to file his jurisdictional statement with this Court. While certainly not dispositive, the Administrator's failure to act with greater dispatch tends to blunt his claim of urgency and counsels against the grant of a stay. See *Beame* v. *Friends of the Earth*, 434 U. S. 1310, 1313 (1977) (MARSHALL, J., in chambers).

I shall enter an order accordingly.