**John R. MILLER, Plaintiff,**

**v.**

**LeSEA BROADCASTING, INC., a/k/a Le-Sea Broadcasting Corporation, d/b/a WHKE Channel 55 TV, Defendant.**

No. 95–C–694.

United States District Court,
E.D. Wisconsin.

May 7, 1996.

Gimbel, Reilly, Guerin & Brown by Franklyn M. Gimbel, Milwaukee, WI, Madrigrano, Zievers, Aiello & Iaquinta by Thomas P. Aiello, Kenosha, WI, for Plaintiff.

O'Neil, Cannon & Hollman by Dean P. Laing, Milwaukee, WI, for Defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On May 12, 1995, the plaintiff filed this action in the Kenosha county circuit court seeking to prevent the sale of WHKE, Channel 55 ["Channel 55"] from LeSea Broadcasting, Inc. ["LeSea"] to The Christian Network, Inc. ["CNI"] and to compel LeSea to sell Channel 55 to him. Channel 55 is a television station owned by LeSea and operating in Kenosha, Wisconsin. On June 28, 1995, LeSea removed the action to this court pursuant to 28 U.S.C. § 1441(a).

In a January 10, 1996, decision and order, I granted the plaintiff's motion for summary judgment and denied the defendant's motion for summary judgment. The judgment permanently enjoined LeSea from consummating the sale of Channel 55 to CNI pursuant to the March 31, 1995, agreement between LeSea and CNI. The judgment also ordered LeSea specifically to perform its contract with Mr. Miller by selling Channel 55 to him. LeSea has filed an appeal from the judgment.

Presently before this court is the plaintiff's motion for an order finding the defendant in contempt and for release of the surety bond posted by him as security for the preliminary injunction issued on August 29, 1995. Also before the court is the defendant's motion for a stay of the specific performance portion of the judgment.

## I. THE PLAINTIFF'S MOTION

In his motion, the plaintiff requests an order finding LeSea in contempt for failing to comply with the judgment entered on January 10, 1996, and for "taking action with respect to the subject property contrary to that order." Mr. Miller also requests an order releasing the surety bond posted by him in August 1995 when this court granted his motion for a preliminary injunction.

In an affidavit attached to the plaintiff's motion, attorney Franklyn Gimbel avers that LeSea has refused to complete the sale of Channel 55 to Mr. Miller. He also asserts that LeSea has filed an application with the Federal Communications Commission ["FCC"] to move the television station's transmitter and tower from its present location.

In response, LeSea contends that it should not be held in contempt because it is legally precluded from selling the television station to Mr. Miller absent FCC approval. The defendant argues that Mr. Miller has not even begun the process to obtain FCC approval. LeSea also contends that, should its FCC application requesting permission to move the transmitter and tower be granted, "such grant would be merely permissive." LeSea states that it has no intention of moving Channel 55's transmitter while this case is pending on appeal and that the application was filed merely because there are reports that the FCC is considering a "freeze" on such applications.

Mr. Miller asserts that in order to begin the application process he needs a signature from a LeSea representative on an FCC form and a written agreement of sale. In the declaration of attorney Lauren Colby, filed with Mr. Miller's reply brief, Mr. Colby states that LeSea has not provided a signed application form nor an executed agreement of sale.

The purpose of a civil contempt proceeding is either enforcement of a prior

court order or compensation for losses suffered as a result of non-compliance with that order. *Commodity Futures Trading Commission v. Premex, Inc.,* 655 F.2d 779, 785 (7th Cir.1981). To hold a party in contempt, the court must be able to point to an order which sets forth a clearly articulated command which the alleged contemnor has violated. *Stotler and Co. v. Able,* 870 F.2d 1158, 1163 (7th Cir.1989). The party seeking a finding of contempt must prove by clear and convincing evidence that the order was violated. *Id.* The court may find a party in contempt if that party was not reasonably diligent in attempting to accomplish what was ordered. *American Fletcher Mortgage Co. v. Bass,* 688 F.2d 513, 517 (7th Cir.1982).

■ The sale of a television station is a somewhat lengthy and involved process, requiring approval from the FCC to complete the sale. LeSea's failure to sell the station to Mr. Miller promptly following the entry of judgment in favor of the plaintiff is excusable; the judgment set no time limit for the completion of the sale of Channel 55 to the plaintiff. Moreover, the defendant has not only appealed from the judgment, but has also filed a motion for a stay of the specific performance portion of the judgment.

With respect to LeSea's application for permission to move Channel 55's antenna, I do not find such conduct to be a willful violation of the judgment rendered in this case. There is no evidence that the defendant has attempted to take any action which would result in the depreciation of Channel 55 or otherwise harm Mr. Miller's interests. Under the circumstances of this case, LeSea should not be held in contempt for failing—as of this date—to sell the television station to the plaintiff.

■ Mr. Miller's motion also seeks an order releasing the $100,000 bond that he posted as security for the preliminary injunction granted to him on August 29, 1995. LeSea objects to release of the bond. The defendant states that if the seventh circuit court of appeals rules in its favor on appeal, it "will have lost approximately $500,000 in operating Channel 55 during the period that it was wrongfully enjoined from consummating the sale of its station to The Christian Network, Inc." LeSea maintains that it should be able

to recover such losses from Mr. Miller's $100,000 "supersedeas bond."

■ A supersedeas bond is "[a] bond required of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful." *Black's Law Dictionary* 1289 (5th ed. 1979).

In my opinion, the bond posted by Mr. Miller as security for the issuance of the preliminary injunction was not, and is not, a supersedeas bond. The plaintiff's bond was posted pursuant to Rule 65(c), Federal Rules of Civil Procedure, as security for the issuance of the preliminary injunction. However, the preliminary injunction was replaced by a permanent injunction entered in favor of Mr. Miller on January 10, 1996; it prohibited LeSea from selling Channel 55 to CNI. All of the cases cited by LeSea in support of its argument that Mr. Miller's bond should be continued deal with *preliminary* injunctions. This court did not require Mr. Miller to post security for the permanent injunction. The defendant has provided no authority for its proposition that security *must* be posted for the issuance of a permanent injunction.

I do not believe that LeSea is entitled to the continuance of the plaintiff's bond pending resolution of the defendant's appeal. Therefore, Mr. Miller will be relieved of his obligation to post the surety bond.

## II. THE DEFENDANT'S MOTION

■ In its motion, the defendant requests that the specific performance portion of the judgment, requiring it to sell Channel 55 to Mr. Miller be stayed pending resolution of its appeal, pursuant to Rule 62(d), Federal Rules of Civil Procedure. LeSea does not seek a stay of the injunctive portion of the judgment prohibiting it from selling Channel 55 to CNI.

Rule 62(d) provides:

When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be.

The stay is effective when the supersedeas bond is approved by the court.

The exceptions listed in subdivision (a) are a judgment in an action for an injunction, or in a receivership action or a judgment or order directing an accounting in an action for infringement of letters of patent. Rule 62(a), Federal Rules of Civil Procedure.

Contrary to the defendant's assertion, I do not believe that LeSea is entitled to a stay as a matter of right under Rule 62(d). As support for its assertion that it is entitled to a stay as a matter of right under Rule 62(d), LeSea cites a decision by Justice Rehnquist regarding the issuance of a temporary stay of a tax summons enforcement proceeding pending further action by the full court. *See Becker v. United States*, 451 U.S. 1306, 101 S.Ct. 3161, 68 L.Ed.2d 828 (1981). That case did not involve a decision by the full court nor is it analogous to the case at bar.

LeSea also cites four district court decisions as support for its argument that Rule 62(d) applies to nonmonetary judgments. *See J. Perez & Cia., Inc. v. United States*, 578 F.Supp. 1318, 1320 (D.P.R.), *aff'd on other grounds*, 747 F.2d 813 (1st Cir.1984); *United States v. Mansion House Ctr. Redevelopment Co.*, 682 F.Supp. 446, 450 (E.D.Mo.1988); *Metz v. United States*, 130 F.R.D. 458, 459 (D.Kan.1990); *In re Olson*, 1990 WL 5725, *1 (D.Kan.1990). None of those cases involved a judgment for specific performance. Each of them, without any discussion, states that Rule 62(d) applies to nonmonetary judgments as well as money judgments. Moreover, none of those decisions is binding authority on this court.

LeSea has not presented any persuasive authority to convince this court that subsection (d) of Rule 62 entitles LeSea to a stay of the specific performance portion of the judgment. The language of Rule 62(d) suggests that it is limited to cases where the judgment being appealed from is a money judgment. *See Donovan v. Fall River Foundry Co., Inc.*, 696 F.2d 524, 526 (7th Cir.1982) ("The reference in Rule 62(d) to supersedeas bond suggests that had the framers thought about the point they would have limited the right to an automatic stay to cases where the judgment appealed from was a 'money judgment.'").

The right to obtain an automatic stay under Rule 62(d) is presumably premised on the fact that money judgments, and therefore the amount of the required bond, are easily calculated. However, where a party has been ordered to do or perform an act, the monetary value of a delay in performance is not so readily ascertained. The difficulty is evident in this case; Mr. Miller asserts that LeSea should be required to post a bond in the amount of $1,000,000, while LeSea argues that it should not be required to post *any* bond.

I believe that LeSea's request for a stay is more appropriately analyzed under subsection (c) of Rule 62, Federal Rules of Civil Procedure. *See, e.g., Moore v. Townsend*, 577 F.2d 424, 426 (7th Cir.1978) (Discussing stay of a judgment for specific performance under Rule 62(c)). The judgment requiring the defendant specifically to perform its agreement to sell Channel 55 to Mr. Miller is more closely analogous to injunctive relief than it is to a money judgment because it is "an order to do rather than an order to pay." *Donovan*, 696 F.2d at 526.

█ Under Rule 62(c):
When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

The factors which the court must consider in analyzing LeSea's request for an injunction under Rule 62(c) are:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987).

█ I do not believe that LeSea has demonstrated that it is likely to succeed on appeal. Nevertheless, an applicant who has

failed to show a likelihood of success on appeal may still be entitled to a stay if the applicant makes a strong showing on the other factors. *See Thomas v. City of Evanston,* 636 F.Supp. 587, 590–91 (N.D.Ill.1986).

LeSea could suffer significant injury absent a stay of the specific performance portion of the judgment. Without a stay, the defendant will be forced to proceed with the sale of Channel 55 to Mr. Miller, who in turn may sell the station to some third party. It could be difficult, if not impossible, to undo the sale if LeSea is forced to complete the sale of Channel 55 to Mr. Miller at this time and if the appeal is subsequently resolved in favor of LeSea.

If a stay is granted, there will be a delay in the sale of Channel 55 to Mr. Miller. I do not believe that such a delay will impose a cataclysmic burden to the plaintiff. In addition, granting LeSea's request for a stay would have little impact on the public interest.

Balancing the aforementioned factors is essentially an equitable consideration. In the case at bar, I believe that the equities weigh in favor of granting LeSea's request for a stay pending the appeal.

However, LeSea will be required to post a bond as a condition of the stay. Mr. Miller suggests that the defendant should be required to post a bond in the amount of $1,000,000 to protect his interests in the event that LeSea would "walk away tomorrow" and "let the station go to waste." The defendant contends that if it is required to post anything, it should only be required to post a bond in the amount of $15,000.

While Mr. Miller will sustain a detriment as a result of the stay, he has presented no persuasive evidence that LeSea would stop funding the television station and allow it to "go to waste." LeSea has operated Channel 55 since 1988. The defendant has consistently incurred losses in its operation of the station throughout that period. However, LeSea has continued to fund the station in the past; Mr. Miller has presented no compelling reason why LeSea would cease to do so at this juncture. In my opinion, Mr. Miller's interest will be adequately protected if LeSea is required to post a $50,000 bond as a condition to LeSea's receiving a stay of the specific performance order pending the appeal.

### ORDER

Therefore, IT IS ORDERED that Mr. Miller's motion for an order finding LeSea in contempt be and hereby is denied.

IT IS ALSO ORDERED that Mr. Miller's motion for release of the surety bond which he was required to post in August 1995 in connection with the preliminary injunction be and hereby is granted.

IT IS FURTHER ORDERED that LeSea's request for a stay, pending the appeal, of the specific performance portion of the January 10, 1996, judgment be and hereby is granted, provided that LeSea posts a supersedeas bond as mandated hereinafter.

IT IS FURTHER ORDERED that LeSea be and hereby is directed to post a supersedeas bond with the clerk of court in the amount of $50,000 on or before May 17, 1996, as a condition to LeSea's receiving a stay of the specific performance portion of the judgment dated January 10, 1996.

IT IS FURTHER ORDERED that each party shall bear its own costs in connection with the motions addressed in this decision and order.