**OMNIOFFICES, INC. and CarrAmerica Realty Corporation, Plaintiffs,**

v.

**Joseph KAIDANOW and Robert A. Arcoro, Defendants.**

**Robert A. Arcoro and Joseph Kaidanow, Counterclaim– Plaintiffs,**

v.

**Omnioffices, Inc. and CarrAmerica Realty Corporation, Counter- claim–Defendants,**

**and Thomas A. CARR, Philip L. Hawkins, Ronald Blankenship, Oliver T. Carr, Jr., Gary Kusin, and Ronald Whitehouse, Additional Counter- claim–Defendants.**

**Nos. CIV.A. 99–0260, 100, 101, 102.**

United States District Court, District of Columbia.

March 24, 2002.

Terence Patrick Ross, Gibson, Dunn & Crutcher, L.L.P., Eva Petko Esber, Kenneth Charles Smurzynski, Williams & Connolly, Edward Bennett Williams, Washington, DC, for Plaintiffs.

William Frank Rauchholz, Banner & Witcoff, Ltd., Washington, DC, for Intervenor.

Niki Kuckes, Baker Botts, LLP, Washington, DC, Eric Seiler, Paul Joseph Fishman, Daniel B. Rapport, Friedman Kaplan & Seiller, LLP, New York City, Anthony T. Pierce, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Washington, DC, for Defendants.

### *MEMORANDUM ORDER*

#### DENYING THE PLAINTIFFS' AND COUNTER-CLAIM-DEFENDANTS' MOTION TO STAY JUDGMENT PENDING APPEAL

URBINA, District Judge.

### I. INTRODUCTION AND BACKGROUND

This matter comes before the court upon the plaintiffs' motion pursuant to Federal Rule of Civil Procedure 62(d) to stay this court's judgment granting the defendants' and counterclaim-plaintiffs' motion for summary judgment. The plaintiffs and counterclaim-defendants, OmniOffices, Inc.

("Omni") and CarrAmerica Realty Corp. ("CarrAmerica") (collectively, "the plaintiffs"), initiated an action for declaratory relief, anticipating a challenge to the conversion of CarrAmerica's $111 million loan to Omni into equity by the defendants and counterclaim-plaintiffs Robert Arcoro ("Arcoro") and Joseph Kaidanow ("Kaidanow") (collectively, "the defendants"). The defendants did, in fact, file a counterclaim asserting derivative and individual claims against CarrAmerica, Omni, and the individual directors who were on the Omni Board at the time of the conversion. The defendants alleged that the conversion of the $111 million loan to Omni into equity at the price of $20 per share was improper. In a Memorandum Opinion dated September 12, 2001, the court determined that the plaintiffs had violated Delaware General Corporation Law when they delegated statutory duties to the company's officers and found that the plaintiffs' failure to secure board authorization for the issuance of the conversion shares rendered the shares void. Therefore, the court granted the defendants' cross-motion for summary judgment and denied the plaintiffs' motion for summary judgment.

The plaintiffs currently ask the court to stay its judgment[1] pending appeal. The plaintiffs also filed motions for expedited consideration and briefing of their motion to stay the court's judgment. The plaintiffs argue that they are entitled to a stay of judgment pending appeal as a matter of right and, therefore, the court should set the necessary bond and stay its judgment. *See* Mot. to Stay at 4. For the reasons that follow, the court denies the plaintiffs' motion.

## II. DISCUSSION

■ Granting a stay of judgment pending appeal in cases involving non-monetary relief has proven to be an "ill-suited remedy." *See* 12 James Wm. Moore *et al.*, Moore's Federal Practice § 62.03[3][b] (3d ed.2000). Typically, only appeals from monetary judgments warrant a stay under Federal Rule of Civil Procedure 62(d). *See id.* at § 62.03[3][a]; *See* FED. R. CIV. P. 62(d). The purpose of posting bond during a stay of judgment is to compensate the non-moving party for the delay in execution and to protect their financial interests from the risk that an unsuccessful appealing party will not be able to pay the original judgment. *See* Moore's Federal Practice at § 62.03[3][a]. Therefore, when a judgment involves costs that cannot be calculated, it is inequitable to grant a stay and thus to deny the non-moving party assurance that it will not suffer additional harm.

The D.C. Circuit has criticized stays granted in cases involving appeals from non-monetary judgments. *See, e.g., FTC v. TRW, Inc.*, 628 F.2d 207, 210 n. 3 (D.C.Cir.1980) (criticizing the district court for granting a stay of an enforcement of a subpoena duces tecum). The D.C. Circuit has explained "stays of district court enforcement orders should be governed by the discretionary standards of *Rule 62(c)*, and should not obtain as a matter of right pursuant to *Rule 62(d)*." *Id.* (emphasis in original). Similarly, other circuits have held that stays as a matter of right apply only to monetary judgments. *See, e.g., Hebert v. Exxon Corp.*, 953 F.2d 936, 938

---

1. In this motion the plaintiffs argue that the court's September 12, 2001 Order was not the court's final judgment. *See* Mot. to Stay at 2 n. 1. This argument is incorrect. In granting the defendants' and counterclaim-plaintiffs' Motion for Summary Judgment in an order referencing the contemporaneously issued Memorandum Opinion, the court ordered that the conversion shares become void. *See* Mem. Op. dated Sept. 12, 2001 at 30; Order dated Sept. 12, 2001.

(5th Cir.1992) (indicating that application of Rule 62(d) turns on whether the judgment is monetary or non-monetary); *Donovan v. Fall River Foundry Co.,* 696 F.2d 524, 526 (7th Cir.1982) (refusing to stay an order to permit OSHA inspection); *NLRB v. Westphal,* 859 F.2d 818, 819 (9th Cir. 1988) (denying stay of an order to comply with NLRB subpoenas). These courts reasoned that Rule 62(d) does not apply to non-monetary judgments since posting bond is meaningless when it does not protect the rights of the non-moving party. *See Donovan,* 696 F.2d at 526; *Westphal,* 859 F.2d at 819.

Rather, the court should consider the following factors in deciding whether a non-monetary judgment warrants a stay: (1) whether the moving party has made a strong showing that it is likely to prevail on the merits; (2) whether the moving party has shown that denial of a stay will cause irreparable harm; (3) whether other interested parties would be harmed by the stay; and (4) whether the public interest will be served by granting a stay. *See Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n,* 259 F.2d 921, 925 (D.C.Cir.1958) (denying stay of an administrative order); *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 842 n. 1 (D.C.Cir.1977) (stating that the *Virginia Petroleum* factors apply to motions for stays of district court orders pending appeal).

█ In this case, the court has awarded the defendants declaratory relief on which no monetary value can be placed. Therefore, applying Rule 62(d) would not fully protect the defendants' interests. For example, the $1,000 bond proposed by the plaintiffs "would not protect Arcoro's and Kaidanow's right to their proportionate interest in any future distributions or consideration received by HQ shareholders." Opp'n at 7. Likewise, the fact that the plaintiffs proposed an amount based solely upon the costs of appeal demonstrates their own inability to calculate a bond that protects the defendants' interests. *See* Mot. to Stay at 7. Determining a specific monetary amount to offset the burden a stay could impose on the defendants is not practical.

█ Finally, the plaintiffs are not entitled to a discretionary stay because they fail to fulfill the factors traditionally applied by the D.C. Circuit. *See Washington Metro. Area Transit Comm'n,* 559 F.2d at 842. A bond cannot adequately protect the defendants' interests and the bond proposed by the plaintiffs does not preserve the status quo. *See* Opp'n at 6–8. Granting the stay could cause the defendants incalculable harm that cannot be repaired by posting bond. In addition, the plaintiffs fail to convince the court that a balancing of the equities supports the issuance of a stay. *See* Reply at 10. Consequently, this court will not issue a stay.

Accordingly, it is this _____ day of April 2002,

**ORDERED** that the plaintiffs' motion to stay judgment pending appeal is **DENIED**; and it is

**FURTHER ORDERED** that the consent motion for expedited briefing is **GRANTED** *nunc pro tunc;* and it is

**ORDERED** that the plaintiffs' and counterclaim-defendants' motion for expedited consideration of its motion to stay judgment pending appeal is **DENIED as moot.**

**SO ORDERED.**