NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 08–810 (08A884)

_____

## SALLY L. CONKRIGHT ET AL. *v.* PAUL J. FROMMERT ET AL.

### ON APPLICATION FOR STAY

[April 30, 2009]

JUSTICE GINSBURG, Circuit Justice.

Sally L. Conkright, Administrator of the Xerox Corporation Pension Plan, et al., have reapplied for a stay of the mandate of the United States Court of Appeals for the Second Circuit. In their initial application, filed October 16, 2008, the applicants sought a stay pending the filing and disposition of their petition for certiorari. The Second Circuit's decision in their case, 535 F. 3d 111 (2008), they asserted, was erroneous, created a Circuit conflict, and would cause irreparable harm if given effect. Without a stay, the applicants explained, they would be required to make additional payments to dozens of pension plan beneficiaries—money that could prove difficult to recoup if this Court were to grant certiorari and rule in their favor.

Acting in my capacity as Circuit Justice, I denied the stay application on October 20, 2008. Denial of such in-chambers stay applications is the norm; relief is granted only in "extraordinary cases." *Rostker* v. *Goldberg*, 448 U. S. 1306, 1308 (1980) (Brennan, J., in chambers). Specifically, the applicant must demonstrate (1) "a 'reasonable probability' that four Justices will consider the issue sufficiently meritorious to grant certiorari or to note probable

jurisdiction"; (2) "a fair prospect that a majority of the Court will conclude that the decision below was erroneous"; and (3) a likelihood that "irreparable harm [will] result from the denial of a stay." *Ibid.* In addition, "in a close case it may be appropriate to 'balance the equities'— to explore the relative harms to applicant and respondent, as well as the interests of the public at large." *Ibid.* I earlier determined, taking account of the Second Circuit's evaluation, that this case did not meet the above-stated criteria.

The applicants seek reconsideration based on a change in circumstances. Specifically, after I denied their initial application, the applicants filed their petition for certiorari, and, on March 2, 2009, the Court called for the views of the Solicitor General (CVSG). The Solicitor General has yet to respond. According to the applicants, a stay is now in order because the Court's invitation to the Solicitor General—a step taken in only a small fraction of cases— establishes a "reasonable probability" that certiorari will be granted.

Our request for the Solicitor General's view, although relevant to the "reasonable probability" analysis, is hardly dispositive of an application to block implementation of a Court of Appeals' judgment. CVSG'd petitions, it is true, are granted at a far higher rate than other petitions. But it is also true that the Court denies certiorari in such cases more often than not. Consideration of the guiding criteria in the context of the particular case remains appropriate.

A "reasonable probability" of a grant is only one of the hurdles an applicant must clear. Relief is not warranted unless the other factors also counsel in favor of a stay. The Court's invitation to the Solicitor General does not lead me to depart from my previous assessment of those factors. With respect to irreparable harm, the applicants urge that, should they prevail in this Court, they may have trouble recouping any funds they disburse to benefi-

ciaries. But they do not establish that recoupment will be impossible; nor do they suggest that the outlays at issue will place the plan itself in jeopardy. Cf. *Sampson* v. *Murray*, 415 U. S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm" (internal quotation marks omitted)).

Accordingly, the request for a stay is denied.

*It is so ordered.*